UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:94-CR-12-DLB
(Related Civil Action No: 0:20-CV-152-DLB)

UNITED STATES OF AMERICA,            PLAINTIFF,

V.        **RECOMMENDED DISPOSITION**

ROBERT KENNETH BRINSON,            DEFENDANT.

*** *** *** ***

Robert Kenneth Brinson, a federal prisoner, has filed his second motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. [R. 60]. Because the Court previously adjudicated his first motion to vacate [R. 33, 45] the undersigned **recommends** that that this matter be transferred to the United States Court of Appeals for the Sixth Circuit as a "second or successive" petition under § 2255(h).

Section 2244(a) provides that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a); *see* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion). As a result, the current motion is procedurally barred unless the Sixth Circuit determines that Brinson has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a

panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *see also Albo v. United States*, 498 F. App'x 490 (6th Cir. 2012); *West v. Bell*, 550 F.3d 542 (6th Cir. 2008). As a result, the Sixth Circuit must determine whether Brinson's claims fits within one of these exceptions before the district court may consider his arguments.

**Therefore, IT IS RECOMMENDED** that the District Judge order the transfer of Defendant Robert Kenneth Brinson's current motion [R. 60] to the United States Court of Appeals for the Sixth Circuit as a successive petition in accordance with 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(a), and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Signed December 29, 2020.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge